## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARQUIS ENERGY LLC, | ) |
| Plaintiff/Counterdefendant, | ) |
| v. | ) Case No. 19-cv-1089-JES-JEH |
| FEDERAL INSURANCE COMPANY, | ) |
| Defendant/Counterclaimant. | ) |

# ORDER AND OPINION

This matter is now before the Court on Plaintiff/Counterdefendant Marquis Energy LLC's Motion (Doc. 16) to Dismiss Defendant's Counterclaim, and Memorandum (Doc. 17) in Support. Defendant/Counterclaimant Federal Insurance Company has filed a Response. Doc. 21. For the reasons set forth below, Plaintiff/Counterdefendant Marquis Energy LLC's Motion (Doc. 16) is DENIED.

### BACKGROUND

**The Parties**

Plaintiff/Counterdefendant Marquis Energy LLC ("Marquis Energy") is an Illinois limited liability company. It is owned by three members: (a) H&H Farms LLC ("H&H"); (b) Babcock & Brown Biofuels Marquis Energy Holdings LLC ("B&B"); and (c) Marquis Energy Holdings LLC ("Marquis Holdings"). Each of the three members of Marquis Energy are also LLCs with their own respective members, none of whom are parties to this litigation. Doc. 7, at 2–4. Defendant/Counterclaimant Federal Insurance Company ("Federal") is an Indiana insurance company.

**The Policy**

Federal issued a ForeFront Portfolio 3.0 Policy ("the Policy") to Marquis Energy for the policy period of November 30, 2017 to November 30, 2018. Doc. 14, at 6. The Policy included a Directors & Officers and Entity Liability Coverage Section ("D&O Section"). *Id*. at 7. The Policy covers loss on account of a claim first made against Marquis Energy during the policy period, including defense costs. *Id*.

**The Putnam Litigation**

On May 23, 2018, H&H filed a complaint in the Circuit Court for the Tenth Judicial Circuit in Putnam County, Illinois ("the Putnam suit") for declaratory judgment against Marquis Energy and six of seven individuals comprising the Marquis Energy's management committee. *H&H Farms LLC v. Marquis Energy LLC et al.*, No. 2018 CH 4 (10th Jud. Cir. Putnam Cnty. Ill. 2018); Doc. 7-2. H&H later amended its complaint to add Marquis Management Services, Inc. as an additional defendant. Doc. 7-3. In the Putnam suit, H&H sought to invalidate three resolutions considered by Marquis Energy's management committee in April of 2018. Federal agreed to cover defense costs in the Putnam suit for its insured, Marquis Energy, pursuant to a reservation of rights. Doc. 14, at 20.

**The Arbitration**

On August 3, 2018, Marquis Holdings and B&B filed a notice and demand for arbitration with the American Arbitration Association ("AAA") naming H&H as the sole respondent. Doc. 7-4. Marquis Energy was not listed as either a claimant or respondent in the arbitration demand. The claimants asserted in their arbitration demand that the issues raised in the Putnam suit were subject to mandatory arbitration under the Operating Agreement. In their prayer for relief, Marquis Holdings and B&B sought a "judgment declaring that the three votes taken at the April

25, 2018 meeting of the Marquis Energy Management Committee were valid and effective." Doc. 7-4, at 27.

On January 11, 2019, Marquis Holdings and B&B filed an amended notice and demand for arbitration. Doc. 7-5. The amended arbitration demand added as claimants six of seven individuals comprising the Marquis Energy's management committee, and added Marquis Energy and Marquis Management Services, Inc. as "nominal claimants" who are "neither necessary nor indispensable parties" but added "solely to address any concerns relating to the enforceability of any award rendered by the arbitrator." *Id*. at 2, 5. The amended arbitration demand listed H&H and Edward Heil—the seventh member of the management committee—as respondents. *Id*. at 2. Federal denied coverage to claimants for "defense costs" incurred in connection with the arbitration.

**The Stay**

On August 8, 2018, Marquis Energy and the six individual defendants in the Putnam suit filed a motion to stay based on the mandatory arbitration provision of the Operating Agreement. Doc. 18, at 8. On December 20, 2018, the court granted the defendants' request and stayed the litigation while the arbitration remained pending. *Id*. at 22.

**The District Court Action**

On March 13, 2019, Marquis Energy filed this declaratory judgment action against Federal. Doc. 1. Therein, Marquis Energy seeks *inter alia* a declaration that "Federal is obligated to advance defense costs to Marquis Energy for the Arbitration." Doc. 1, at 8. On August 5, 2019, Federal filed its answer and counterclaim. Doc. 14. In its counterclaim, Federal seeks a declaration that it owes no duty to advance "defense costs" to the claimants in the arbitration. *Id*. at 15.

On September 9, 2019, Marquis Energy filed the instant Motion to Dismiss Defendant's Counterclaim and Memorandum in Support.[1] Docs. 17, 18. The gist of Marquis Energy's Motion is that the arbitration demand constituted an "affirmative claim" that was entirely defensive in nature and thus Federal had an obligation to fund the arbitration. Doc. 17, at 6. On October 25, 2019, Federal filed its Response. Doc. 21. Therein, Federal argues it is entitled to a declaratory judgment that the Policy does not require Federal to pay the legal expenses incurred in an arbitration between Marquis Energy's owners. *Id*. at 1. This Order follows.

## **LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the plaintiff. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Under Illinois law, "the interpretation of an insurance policy and the respective rights and obligations of the insurer and the insured [are] questions of law that the court may resolve

---

[1] Marquis Energy requested oral argument on its Motion to Dismiss. Doc. 17, at 6. However, after careful review, the Court believes the parties' memoranda adequately present the facts and legal arguments, and oral argument would not significantly aid the Court. Accordingly, Marquis Energy's request for oral argument is denied.

summarily." *Roman Catholic Diocese of Springfield in Ill. v. Md. Cas. Co.*, 139 F.3d 561, 565 (7th Cir. 1998).

## DISCUSSION

In its Motion, Marquis Energy argues the arbitration demand filed by Marquis Holdings and B&B against H&H "served solely as a defensive measure to counter the claims made in the Putnam Action and to place them in the proper forum." Doc. 17, at 9. According to Marquis Energy, Federal "seeks to elevate form over substance by seeking to avoid coverage because its insured had no choice but to place themselves on the 'wrong side' of the caption when they forced the underlying dispute to the arbitration forum where it should have been brought in the first place." *Id*. at 12. The remainder of Marquis Energy's Memorandum focuses on an insurer's duty to fund affirmative claims where the claim serves to reduce the insured's liability. *See* Doc. 17, at 12–20.

Marquis Energy's argument is flawed for two reasons. First, the arbitration demand was not "solely … a defensive measure to counter the claims made in the Putnam Action and to place them in the proper forum." Rather, as will be explained below, the filing of the arbitration by Marquis Holdings and B&B was entirely unnecessary in order for Marquis Energy to prevail in the Putnam suit. Second, the basis for Federal's denial of coverage is not that Marquis Holdings and B&B were on the "wrong side" of the caption in the arbitration; rather, Federal denied coverage based on who was *not* in the caption—its insured, Marquis Energy. Neither Marquis Holdings nor B&B are insureds under the D&O Policy, and therefore Federal has no duty to fund claims made by or against them.

**(1) The Arbitration Demand was not a Defensive Claim**

Marquis Energy makes much ado about an insurer's duty to fund affirmative claims. Doc. 17, at 13. There are indeed "a class of affirmative claims which, if successful, have the effect of reducing or eliminating the insured's liability and that the costs and fees incurred in prosecuting such 'defensive' claims are encompassed in an insurer's duty to defend." *Great W. Cas. Co. v. Marathon Oil Co.*, 315 F. Supp. 2d 879, 881 (N.D. Ill. 2003). But a detailed discussion of an insurer's duty to fund affirmative claims on behalf of an insured is not necessary here because the insured, Marquis Energy, is not a substantive claimant in the arbitration proceedings. Regardless, even if the arbitration demand was filed by an insured, it was not defensive in nature because it was entirely unnecessary to defend against the allegations in the Putnam suit. Recall that H&H instituted the suit against Marquis Energy based on alleged violations of the Operating Agreement in connection with three resolutions considered by Marquis Energy's management committee in April of 2018. Doc. 7-2, at 4. However, the Operating Agreement included a mandatory arbitration provision. Thus, Federal tendered a defense to its insured, Marquis Energy, and moved to dismiss or stay the Putnam suit based on the mandatory arbitration provision. Marquis Holdings and B&B's decision to file an arbitration demand against H&H raising similar claims while the Putnam suit was pending was not necessary for the state court to conclude the dispute was subject to mandatory arbitration and thus staying the action on that ground. *See Order*, Doc. 18, at 26 ("[I]t is clear this case simply provides a procedural method for addressing issues that fall squarely within the arbitration requirement in the contract…."). Simply put, in order to defend against the allegations in the Putnam suit, all Marquis Energy had to do was argue for dismissal based on the mandatory arbitration clause. Upon dismissal, H&H would then be required to initiate an arbitration or forego litigation entirely.

### (2) The Arbitration was not Brought by an Insured

Second, Federal has no obligation to fund Marquis Holdings' and B&B's arbitration because neither Marquis Holdings nor B&B are insureds under the D&O Policy. The D&O policy covers Marquis Energy and its subsidiaries; it does not cover Marquis Energy's owners. *See* Doc. 8, at 10–11. And while the amended arbitration demand listed Marquis Energy as a "nominal claimant," it explicitly disclaimed any interest by Marquis Energy in the proceedings. *See Amended Arbitration Demand*, Doc. 7-5, at 6 (noting Marquis Energy is neither a necessary nor indispensable party to the arbitration but added "solely to address any concerns relating to the enforceability of any award rendered by the Arbitrator"). Moreover, neither the arbitration demand nor amended arbitration demand seek relief on behalf of Marquis Energy. Under Illinois law, insurers are not required to fund litigation costs of uninsureds, regardless of whether the uninsured's claim or defense may have benefited an insured. *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 354 (7th Cir. 2010). As Defendant aptly notes, Marquis Energy appears to be the *subject* of the dispute between its owners, as opposed to a suit on behalf of or against Marquis Energy itself. Because the arbitration was not brought by an insured under the Policy, Federal has no duty to fund the arbitration proceedings.

Finally, the Court notes that although the issue currently before the Court is limited to whether Federal's counterclaim should be dismissed, the Court's analysis above appears to be case dispositive. If the Court is correct, Federal should request entry of judgment in its favor within 14 days of this Order.

## CONCLUSION

For the reasons set forth above, Plaintiff/Counterdefendant Marquis Energy LLC's Motion (Doc. 16) to Dismiss Defendant's Counterclaim is DENIED.

Signed on this 20th day of February, 2020.

s/ James E. Shadid
James E. Shadid
United States District Judge